UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| TONY MCDANIEL,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br><br><br>Defendant. | 3:26-cv-1777-JDA<br><br><br>**COMPLAINT**<br>**(Non-Jury Action Under the Federal**<br>**Tort Claims Act, 28 U.S.C. §2402)** |

Plaintiff Tony McDaniel complains of the Defendant, listed above, as follows:

### PARTIES

1. Plaintiff Tony McDaniel ("Plaintiff") is a citizen and resident of the County of Bedford, State of Virginia.

2. Defendant United States of America is the proper party defendant under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., for the negligent acts and omissions of its employees, including those acting within the scope of their employment with the United States Postal Service ("USPS").

### JURISDICTION AND VENUE

3. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 et seq. Jurisdiction is founded on 28 U.S.C. §§ 1346(b), 2671 - 2680.

4. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for money damages for personal injuries caused by the negligent acts of an employee or employee(s) of the United States acting within the scope of their employment.

5. Plaintiff has satisfied all administrative prerequisites to filing this action under the Federal Tort Claims Act, including submission of a Standard Form 95 claim to the USPS National Tort Center, identifying a sum certain on February 18, 2025 for the incident occurring on May 13, 2023.

6. More than six months have elapsed since submission of a Standard Form 95 claim without a final disposition by the agency, constituting a deemed denial; Plaintiff has therefore exhausted all administrative prerequisites, and this action is properly before the Court.

7. Venue is proper in the Columbia Division of the District of South Carolina pursuant to 28 U.S.C. § 1402(b) and pursuant to Local Civil Rule 3.01, because the acts and omissions giving rise to this claim occurred in West Columbia, South Carolina.

## FACTUAL ALLEGATIONS

8. On or about May 13, 2023, Plaintiff was lawfully present at the USPS Distribution Center located at 2001 Dixiana Road, West Columbia, South Carolina.

9. At all relevant times, Plaintiff was on the premises as an employee of a third-party shipper and/or broker.

10. At all relevant times, agents, servants, and employees of the Defendant, including USPS employees, were operating forklifts and other heavy industrial equipment within the facility.

11. On the date of the incident, a USPS employee operating a forklift was acting within the course and scope of his employment.

12. The forklift operator had been observed operating the forklift in an unsafe and erratic manner.

13. Without warning and/or proper working crucial audible safety devices, the forklift operator reversed the forklift directly into Plaintiff.

14. The forklift struck Plaintiff, knocking him to the ground and running over his foot causing

severe personal injury.

15. As a direct result of being run over by the forklift, Plaintiff sustained a severe crush injury to his right foot, including but not limited to:

   a.  Fractures;

   b.  Tissue death;

   c.  Nerve and cartilage damage;

   d.  Blood blistering and open wounds; and,

   e.  Such other injuries, damages, and complications, both known and unknown, that have manifested or may manifest as a result of the subject incident.

16. Plaintiff required extensive medical treatment in an effort to avoid amputation of his foot.

17. Plaintiff continues to suffer from chronic pain, limited mobility, and permanent impairment as a result of this incident.

18. The USPS facility was unsafe in that, upon information and belief:

   a.     Forklift operators were not properly monitored or controlled;

   b.     Forklifts lacked adequate safety features, including backup warning systems;

   c.     The facility failed to maintain proper pedestrian safety zones;

   d.     OSHA safety standards were not followed; and,

   e.     Such other ways as may be revealed through discovery.

19. Plaintiff was forced to work outside of designated safety zones due to the unsafe conditions of the facility.

20. The acts and omissions of Defendant, through its employees, directly and proximately caused Plaintiff's injuries.

**FIRST CAUSE OF ACTION**
**Negligence (Federal Tort Claims Act)**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendant, through its agents and employees, owed Plaintiff a duty of reasonable care, including:

    a.  Safe operation of equipment;

    b.  Maintenance of a reasonably safe premises;

    c.  Compliance with applicable safety standards and regulations.

23. Defendant breached these duties through negligent, reckless, and careless acts and omissions, including but not limited to:

    a.  Operating a forklift in an unsafe and erratic manner;

    b.  Failing to maintain proper control of the forklift;

    c.  Failing to keep a proper lookout;

    d.  Failing to provide adequate warnings;

    e.  Failing to implement or enforce safety protocols;

    f.  Failing to maintain a safe premises for business invitees;

    g.  Failing to properly train and supervise employees;

    h.  Violating applicable OSHA and workplace safety standards;

    i.  Such other acts of negligence as may be revealed through discovery.

24. The negligent acts and omissions of Defendant were the direct and proximate cause of Plaintiff's injuries and damages.

25. As such, Defendant is liable to Plaintiff Tony McDaniel for the injuries he suffered including, but not limited to, pain and suffering, medical bills, loss of use, mental trauma, disfigurement, and loss of income.

## SECOND CAUSE OF ACTION
### Premises Liability

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendant owned, operated, maintained, and controlled the USPS Distribution Center.

28. Plaintiff was a business invitee to whom Defendant owed the highest duty of care.

29. Defendant breached its duty by failing to maintain the premises in a reasonably safe condition, including:

    a.    Allowing unsafe forklift operations in pedestrian areas;

    b.    Failing to designate or enforce safe pedestrian zones;

    c.    Failing to correct known dangerous conditions;

    d.    Failing to warn of hazardous conditions;

    e.    Permitting unsafe practices to continue despite prior notice; and,

    f.    Such other acts of negligence as may be revealed through discovery.

30. These breaches directly and proximately caused Plaintiff's injuries.

31. As a direct and proximate result of Defendant's actions and/or inactions Plaintiff sustained the severe injuries and damages described herein, including but not limited to pain and suffering, medical expenses, loss of income, disfigurement, and permanent impairment.

## THIRD CAUSE OF ACTION
### Negligent Hiring, Training, and Supervision (Federal Tort Claims Act)

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. Defendant had a duty to exercise reasonable care in the hiring, training, retention, and supervision of its employees, including those operating forklifts and other heavy industrial equipment at the USPS Distribution Center.

34. Defendant knew or should have known, in the exercise of reasonable care, that its employees operating forklifts required adequate training, supervision, and oversight to safely operate such equipment in areas where third-party workers were present.

35. Defendant breached its duty by:

    a. Failing to adequately screen and hire qualified forklift operators;

    b. Failing to provide adequate training to its forklift operators regarding the safe operation of forklifts in pedestrian areas;

    c. Failing to properly supervise forklift operators during their operation of heavy equipment;

    d. Failing to take corrective action against the forklift operator despite prior observed unsafe and erratic operation;

    e. Failing to implement or enforce adequate policies and procedures governing forklift operation in areas occupied by third-party workers; and,

    f. Such other acts of negligence in hiring, training, and supervision as may be revealed through discovery.

36. As a direct and proximate result of Defendant's negligent hiring, training, and supervision, Plaintiff sustained the severe injuries and damages described herein, including but not limited to pain and suffering, medical expenses, loss of income, disfigurement, and permanent impairment.

## PRAYER FOR RELIEF

Having complained of the Defendant as set forth above, the Plaintiff prays for the following:

1. A favorable judgment on all claims;

2. Compensatory damages in an amount to be determined by the trier of fact, including but not limited to:

a. Past and future medical expenses, including costs of treatment, surgery, rehabilitation, and ongoing care necessitated by the injuries sustained;
b. Past and future lost wages and loss of earning capacity;
c. Past and future physical pain and suffering;
d. Past and future mental and emotional anguish;
e. Permanent impairment and disability;
f. Disfigurement; and,
g. Loss of enjoyment of life;

3. Taxable costs;

4. All other relief that justice may require.


**/s/William S. Detwiler**
Mark D. Chappell, Jr. (Fed. ID #12416)
William S. Detwiler (Fed. ID #14289)
CHAPPELL, CHAPPELL & NEWMAN
4500 Fort Jackson Boulevard
Suite 250
Columbia, South Carolina 29209
(803) 233-7050
markjr@chappell.law
will@chappell.law
ATTORNEYS FOR PLAINTIFF


April 30, 2026